246002. Council, you may proceed. Thank you. May it please the Court, I am Troy Rackham, and with my co-counsel Amanda Lewandowski, we have the privilege of representing Axxess Technology Solutions. It's long been understood and repeatedly emphasized by this Court that cases should be decided on their merits. The District Court erred here because it repeatedly refused to allow the case to be decided on the merits and instead entered a nearly $1 million judgment by default. So, first, the District Court erred by not fulfilling its affirmative duty of confirming subject matter jurisdiction. I'll talk about that issue first. But second, the District Court erred when it failed to set aside the default judgment when it was undisputed that Axsess's counsel had appeared in the related, indeed, identical matter in the AAA arbitration and mediation. And then third, the District Court erred by denying Axsess's Rule 60B motion on the basis of claim preclusion when Axsess had not presented the same facts and legal arguments in terms of excusable neglect under Rule 60B1 in its initial Rule 55 motion. So let's talk about the subject matter jurisdiction first. This Court has repeatedly explained that judgments by default should not be entered without a determination that the Court has jurisdiction and that the District Court has an affirmative duty to look into its subject matter jurisdiction. The District Court erred here by not doing that. Do you don't dispute now that we have the information we have that complete diversity does exist? With the additional affidavits that were submitted a month ago, it appears that subject matter, that complete diversity exists. The problem is they didn't fulfill that duty with the District Court. They didn't submit their Rule 7.1B2. Do you have any authority that says that if complete diversity does exist, that the failure to establish that fact before the District Court deprives this Court of jurisdiction if we can, on our own, assess that we do have diversity jurisdiction? Sure. I mean, the statute, Section 1653, allows the Court to permit amendments on appeal upon terms. That definition of terms is not terribly clear in the case law or in the statute. But in the Penteco case, the 1991 case from this Court, the Court used the language upon terms to say, well, it needs to remand the case in order to have proper proffers of jurisdiction and to determine whether there are disputed issues of fact with respect to diversity jurisdiction. And in the Oakland oil case, which is a 2003 case from this Court, actually the Court remanded it back to the trial court after a jury trial to allow the amendment of the pleadings. The Court didn't do that itself here, even though it said there's probably sufficient information in the record, but it's really the obligation of the District Court to evaluate that as opposed to the Tenth Circuit. But the amendment of the pleadings wasn't a formality at that point? I mean, the issue we need to decide is whether we can discern the actual existence of diversity. And you seem to be suggesting that that's not at issue. There is diversity. It just wasn't properly pled. Well, I'm saying we haven't had the ability to test it. If you accept what they put in the affidavits that they filed a month ago, there would be complete diversity. That's not in the amended complaint. There's nothing that's been tested to evaluate that. But back to your original part of the question. In the Oakland oil case, I don't know if I would describe it as a formality, but what the Court said is we affirm, but we're remanding it back to the District Court for this amendment of the pleadings. And if the amendment confirms that there's subject matter jurisdiction, then it would be affirmed. I don't know what happened after that. It's not reported. But I suppose that could be a formality, depending on what happened in the District Court. The problem here is none of that occurred until we're in the Tenth Circuit. And if you look at the complaint, which is the operative document, there are insufficient allegations of diversity jurisdiction. So let me move on to the second point, and that is the failure to give the required notice under Rule 55B. Rule 55B-2 requires, it's in mandatory language, that there should be a written notice of the application for default judgment at least seven days before that hearing. When a party whom a default judgment has sought has appeared personally or by a representative, this Court and other circuits have said informal appearances are sufficient to trigger that requirement of notice. Well, informal appearances in the litigation, right? Informal appearances. There had been no appearance of any kind in the litigation. There had been an appearance in the arbitration. Right. And the arbitration is on the same dispute, the same topic. That may or may not be true, but I'm trying to focus you on whether there was any attempt to make an appearance of any kind in the pending litigation. Not before the default judgment was entered. There was an appearance in the AAA, but courts have said that appearance indicating an intent to defend in a collateral or related proceeding is sufficient, even without formal appearance in the litigation itself. Didn't Mr. Groves say to, is it Ms. Bavlandia, the lawyer for choice? Didn't Mr. Groves say at that time that he didn't know if he was representing access in the litigation? Well, he filed his appearance in the AAA on December 5th. That's not my question. Didn't he say that he didn't know if he was representing access in the litigation? He said at some points he needed to confirm that with plaintiffs, that he didn't know if they wanted, or with, excuse me, access technology. So at that point, as far as choice is concerned, he isn't involved in the litigation. Well, at that point, it's uncertain whether he's involved in the litigation, but under the point of Rule 55B's notice is to allow access a sufficient amount of notice so they can make that determination, and that didn't occur here. Or to appear on the motion to enter default. Right. But didn't you raise this notice issue in your second motion, the second Rule 60B motion? Access raised it in the second 60B motion. Right. It wasn't raised in the first one. How can you have it considered then when you could have raised it in the first 60B motion? It could be considered because it goes to whether the judgment is void, which is a 60B-4 issue. I understand that, but it could have been raised in the first motion, correct? It could have been raised in the first motion.  It wasn't raised in the first motion. And under Servants of Paraclete, why can you raise it in the second one when you could have raised it in the first one? The answer is because we didn't raise it in the first one, and it was a different basis to void the judgment you can raise it. And when it comes to void judgment. But the argument was available. The argument was available. You could have raised it then. The argument was available, and it could have been raised then, but that doesn't mean it's waived because it wasn't raised then. Why not? What authority do you have that that argument is not waivable? The Rule 55B motion is not, B2 is not, because it goes to voidness of the judgment. So your position is you can raise that it's void at any time? You can raise it. It depends on the reason for the voidness, I suppose, but like subject matter jurisdiction or lack of personal jurisdiction, you could raise that at any, well, within the one-year period of Rule 60B. But it isn't subject matter jurisdiction. It's a notice issue. I realize that, but this Court has said. But you said subject matter jurisdiction. It's not subject matter jurisdiction. So you're saying that a void judgment can be contested at any time, maybe if there's a jurisdiction, subject matter jurisdiction issue. But do the cases say that that voidness argument can be waived? Well, the Hanley case from this Court in 1973 said a default judgment entered without notice, without adequate notice to the parties as required under Rule 55B is void. Right. But that argument can be waived, can't it, when you don't raise it, when you're supposed to raise it? I haven't found any Tenth Circuit case that says a 55B. How about Whitfield Associates, which is a Tenth Circuit case? And that was a different circumstance. In the Whitfield Associates case, it wasn't just a 55B-2 lack of notice. But it does say that the void judgment argument can be waived. Right. But the basis of that void judgment was personal jurisdiction, so that the personal jurisdiction, of course, can be waived. Why can't this issue be waived? It could if a party refused to assert that as a defense or didn't make that as a defense. This is a different circumstance where it's not waived because you raise it in a second or in a 60B motion as opposed to a 55C motion. I just don't see how you're complying, how that would square with servants empirically. This is a successive Rule 60B motion where it was raised. Well, so that is the first 55 motion, the motion to vacate, was on the basis of that. But you couldn't bring a 55 motion when you filed that because there had already been a default entered. Right. I'm saying the first, so there were two post-default judgment motions here, and I called the first one the Rule 55. Well, but it wasn't a Rule 55 because it couldn't have been a Rule 55 because once you have a default judgment entered, you're under Rule 60. I understand. I was using that as the nomenclature to distinguish the two motions. Yeah, well, you can use it in its nomenclature, but they're both Rule 60 motions.  Even if it's Rule 55C, that rule provides, and I quote, a court may set aside a final judgment under Rule 60B. Right, and that's what I was just going to say. Aren't you with two 60B motions here? Right, but the two 60B motions were focused on different things. But what, you know, that's what we call piecemeal litigation. I mean, yeah, when you bring the motion, you're supposed to bring the motion, all the grounds available at that time. You know, what you're doing is bringing one motion that didn't work, okay, we'll come up with different arguments, file a second one. If those don't work, maybe a third, a fourth, a fifth. I don't think that under Servants of Pericles you get to do that. Well, and the Rule 60B1, the excusable neglect piece, that wasn't filed until later because they needed to get more information about why to factually support the excusable neglect motion. Well, it seemed you did it twice. You advanced excusable neglect, then you added some more facts about it in the second one. But as to your notice argument, is there any reason to think that the facts supporting your notice argument that were advanced in the second Rule 60 motion were not available to you the first time? Those facts were available to access the time it filed the Rule 55, which incorporates Rule 60B motion. I concede that. So all the facts in the second motion were available to you when you filed the first motion? No, not all of the facts. The facts related to the excusable neglect piece weren't available at the time of the first motion. Well, the employee, I forget her name, I'm sorry. Ms. Lennox. Ms. Lennox had been back for three weeks before the first motion was filed. And they were having communication difficulties and information, difficulties getting the information. I guess you could have said that. Yeah, and I don't know why they put it in here. That's why they put the footnote, though, in the first motion of saying we reserve the right because we're trying to get more information. Was that additional information necessary? I mean, did it really, even assuming it came up later and you didn't have it the first time, was it dispositive in any way of the, you already made your excusable neglect argument. It was necessary for the excusable neglect piece of it. Why was the information that you added, the facts that you developed for the rule 60, the second rule 60 on that issue, why were they necessary to resolve the excusable neglect argument? Because they needed to know why they didn't receive the, they didn't have an acknowledgement of that service piece of it. And that was, that information is necessary because to evaluate excusable neglect, you have to know what the defendant did and what their processes were. And that information was necessary. It wasn't necessary for the 55B2. But you knew on the first motion, they knew that they had been told they weren't served. You already knew that. Yes. I mean. But they didn't know what had happened. Well, it doesn't seem that that, yeah, I think that's my question too. Did they know they hadn't been served by January 6th when Choices Council told Mr. Groves about the default judgment? Yes, they knew at that point and the default judgment had already been answered. And so we're at January 6th. The motion doesn't even get filed until March 3rd. It seems to be ample time to figure out what happened. They were working through getting additional counsel and that sort of thing. So whether it was ample time or not, that's why they filed the second one, is because they needed further information about what had happened. Well, didn't excusable neglect get raised in the March 3rd motion? And then AXIS said, well, we're not going to raise it now. We're not going to pursue that now. No, I respectfully disagree. I think in the first motion it was focused on. Well, was it raised at all in the briefing? Wasn't it discussed somewhere? It was discussed in the response brief and then in the reply. We made an argument in the response to that reply or in the reply related to the response. But it wasn't a basis for relief that we were asking, that AXIS asked the district court to rule on in the motion. And so when the district court considered that issue in its order, it said I'm not considering it because it was raised for the first time in the reply. Well, it ruled on two bases. It ruled first that it was denying it because it was raised for the first time in the reply. And then it also ruled on the merits and said you didn't provide any information. Right. Other than this footnote saying we're reserving the right to give you an argument. Right. And that was AXIS's position is we don't have enough information, so we need to get that information and reserve the right. And with that, I'm out of time. So, thank you. Thank you, counsel. Good morning. Mitch Blackburn and Hilary Vazlandia on behalf of CHOICE. Let's try to knock out the jurisdictional issue real quick. I have a motion to amend pending. The disclosure statement that was filed in the district court, I mean, not a model of clarity, but what it did say was that AXIS is a citizen of Texas. None of the members of CHOICE are citizens of Texas. Technically, I think that satisfies the requirement. But more importantly, to your point, Title 28, Section 1653, allows us to skip all the needless remand, file an amended complaint, come back up. But, I mean, in fairness, it should have been done in the district court. Excuse me? It should have been done in the district court. That's correct. That is correct. We don't take facts. We don't find facts. We don't take evidence. Well, my understanding is that that is permissible under Title 28, Section 1653, if I'm only trying to correct a statement as opposed to providing a fact. I noticed there was one case out of the Second Circuit, Jacobs v. Patent Enforcement Fund. Same thing. In the court below, there were defective allegations regarding diversity. It wasn't discovered until it got up to the appellate court. The appellate court requested supplemental briefing. Affidavits were submitted. The court considered the affidavits and then considered the issue resolved. Let me ask it this way.  Was it appropriate for the district court to enter a default judgment without adequately determining whether there was diversity jurisdiction? Was it appropriate? I've seen the cases. They say that before a court enters a default judgment, they're supposed to determine their jurisdiction. I think someone up here made the point earlier that really is the existence and not the determination. I don't think there's any dispute that at the time the court entered the default judgment in the district court level, there was, in fact, diversity jurisdiction. Does that answer your question? You're drawing a distinction between the actual existence of diversity jurisdiction and compliance with procedural requirements, right? Correct. But why is that applicable here? I mean, aren't they trying to test the nature of the diversity allegations themselves? They had no opportunity to test the facts. Well, as far as I know, there's been no test at all. The only test, if you will. They've had the affidavits that were submitted to this court, and the only thing that I saw was one gentleman's name was spelled with an O one time and without an O the next. So I don't see that, and I don't believe counsel alluded to the fact that if he got a remand and came back down, that he intended to enter into some forensic challenge to whether or not there was diversity jurisdiction. Switching now to the merits, the district court made its decision based on claim preclusion. Yes. I mean, is that really the correct analysis here? Whether you call it claim preclusion, whether you call it waiver, the principle is simply this. What's barred is what I argued or what I could have argued. I personally think that probably waiver is the cleaner way to go. Waiver is consistent with servants of Paraclete. So I'm trying not to get too caught up in whether or not the elements of claim preclusion are here, but that being said, I think that they are. But you argued law of the case, right? Excuse me? Was your argument about law of the case? No. I guess the question is why do we need to reach any of those doctrines here? Do we need to care about claim preclusion or law of the case if we have servants of Paraclete and well-settled law saying how we treat successive Rule 60 motions? I think part of it was responding to what the district court put in the order. I see. I think the correct analysis, though, is servants of Paraclete and waiver. If you have the facts, you've got to make the argument. Okay. Does it matter that that's not what the district court relied on? Well, I think it's an issue of law, right? I mean, in that regard, you know, the standard overarching standard of use of discretion, but on this particular issue, whether it's claim preclusion or whether it's waiver, that's an issue of law. I think you can substitute your reasoning for the district court at any time. Well, would it be more accurate to say that it was an error for the district court to call it claim preclusion, but to rule for you, we'd have to do it on the alternative ground of waiver under servants of Paraclete. Isn't that what you're – I mean, I don't want to put words in your mouth, but it seems like that's what you're arguing. Exactly. You know, when the district court originally applied the rule that I'm not going to consider the argument in the reply because it wasn't included in the opening brief, it's a variation of the same thing. Now, I don't think that – I think that what he concluded was the original motion and the determination on the original motion foreclosed the arguments that were being made on the second motion. Whether it was waiver or whether it was claim preclusion, I think – well, I'll go back to what I said earlier. I think waiver is the way to go. I think that is the proper analysis. Could I get to another question? Sure. This court has said, and the case is called In re Foresees in Security Litigation, it's said that this court said that a judgment may be void under Rule 60b-4 if the court acted in a manner inconsistent with due process of law. So why shouldn't ACCESS be able to raise its due process notice argument in its second motion to vacate the default judgment because that's what the issue is about. It's not due process. They're saying they didn't know about the motion for default judgment. Well, I think – Couldn't they raise that even if they didn't raise it in their first 60b motion? I think the question is, did they know? Did they know that they had that argument at the time? Well, let's assume they did. Okay. Does the Servants of Paraclete rule about successive Rule 60b motions apply when the claim is a violation of due process as voiding the judgment? I guess the underlying question then would be whether or not the judgment is void, correct, based on the facts and circumstances? I don't think so. I think that even in Paraclete's they said – And you were a little vague in that case as to what might or might not constitute a basis for voiding the judgment. But I think under these facts, these particular circumstances, that those exceptional circumstances, if you will, aren't present. Well, let me rephrase. Okay. If the argument is the judgment is void because of a lack of due process notice, and they could have put that in the first motion, but they didn't, is that a waivable argument? Are there some arguments that just can't be waived? Correct. Yeah. Okay. So what's the answer? The answer is that if it was an argument regarding subject matter jurisdiction, I would say it can't be waived. You got a case? On subject matter jurisdiction? No. That would apply to the question I just asked you. Well, I'll tell you. A case in 1979, Brown v. McCormick, 608 F. 2nd 410. Granted, this was dicta, but what the court said was that they expressed some doubt that the failure to receive a notice of the request for a default judgment hearing rises to the level of a due process violation. If it doesn't rise to the level of a due process violation, my contention is the judgment wouldn't be void. Winfield v. Stonecipher, there's another example in that case. They said, okay, we're going to assume for purposes of discussion that there was an appearance in the case below. They said the default judgment is not necessarily void. Failure to give notice should not usually be treated as so serious as to render the judgment void. So I'm trying to figure out, okay. But the argument you're making is on the merits of the claim that the judgment is void. The question I have is whether that argument can be waived. If it's raised in a second successive Rule 60B motion. And my answer is yes for the reasons that Judge McHugh made earlier. At what point do you say enough? At what point do you say, oh, no, you had the opportunity to raise it on the first motion. You didn't. Well, okay, you filed a second motion. You still didn't raise it. What about a third? At what point do you have to say, and let's face it, the gentleman had the knowledge at the time he filed the first motion. I know you're assuming that the judgment's void, and therefore you're assuming some facts that aren't before us. But I do think that that position, that the judgment was void for lack of receiving notice, I think that is subject to waiver, and I think it's waived when it wasn't asserted in the first motion. I'm just looking for a little case law to back up what you just said. Okay. Well, and as I said, the only thing I could really find that I thought was to the point was Winfield and Brown, both of which, granted they expressed just the skepticism about whether or not there was a void judgment by virtue of a failure to receive notice. So I understand that's not really correct. Winfield says it's not void. Excuse me? Winfield says it's not void. That's correct. But the question asked me to presuppose that it was. Right, to assume it's void. But if you assume it's void, the rule says it can be raised at any time, right? It can be raised at any time. The question then becomes how many times.  There was a lot of questions earlier about notice and about whether or not an informal appearance constitutes notice. You know, I'll acknowledge there's a split. You know, you've got the Seventh Circuit, which is no, you've got to file. And then there are the cases that talk about whether or not there's been a clear indication of an intent to defend. I don't know that the Tenth Circuit's necessarily come down one way or the other on that. I personally, and not because I'm sitting over there, I personally think that a brighter line, especially in today's electronic society, makes sense. But the fact of the matter is that in this particular case, even if we adopt the more ambiguous standard of clear indication to defend, there was none. Counsel, undisputed fact, found out about the litigation on December 5th. There was no contact, no contact at all between December 5th and January 6th. At what point in time is choice expected to say, oh, there's a clear indication of an intent to defend when there was no contact at all? In fact, no contact at all would suggest to the contrary. So the idea that there was an informal appearance under these facts, I don't think it's just not there. I see I'm just about out of time, so if there are any other questions. Thank you, counsel. Thank you. Is there any rebuttal time? Okay. Time has expired, so we will have the case submitted. Counsel is excused. Thanks for your arguments this morning.